1
2
3
4
5

SO. CAL. EQUAL ACCESS GROUP
Jason J. Kim (SBN 190246)
Jason Yoon (SBN 306137)
101 S. Western Ave., Second Floor
Los Angeles, CA 90004
Telephone: (213) 252-8008
Facsimile: (213) 252-8009
scalequalaccess@yahoo.com

6

Attorneys for Plaintiff
LEEMANUEL WEILCH

7

8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11   LEEMANUEL WEILCH,

12             Plaintiff,

13        vs.

14   PHO AMERICA, LLC; LSJ
15   INVESTMENTS INC.; and DOES 1 to 10,

16             Defendants.

17

18

19

20

21

22

23

**Case No.:**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR VIOLATION OF:

1.  AMERICANS WITH DISABILITIES ACT, 42 U.S.C. §12131 et seq.;

2.  CALIFORNIA'S UNRUH CIVIL RIGHTS ACT, CAL CIV. CODE §§ 51 - 52 et seq.;

3.  CALIFORNIA'S DISABLED PERSONS ACT, CAL CIV. CODE §54 et seq.

4.  CALIFORNIA'S UNFAIR COMPETITION ACT, CAL BUS & PROF CODE § 17200, et seq.

5.  NEGLIGENCE

24
25
26
27

Plaintiff LEEMANUEL WEILCH ("Plaintiff") complains of Defendants PHO AMERICA, LLC; LSJ INVESTMENTS INC.; and DOES 1 to 10 ("Defendants") and alleges as follows:

28

//

COMPLAINT FOR DAMAGES - 1

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction of this action pursuant to 28 USC §1331 for violation of the Americans with Disabilities Act of 1990, (42 USC §12101, *et seq.*)

2.      Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operating facts, are also brought under California law, including, but not limited to, violations of California Civil Code §§51, 51.5, 52(a), 52.1, 54, 54., 54.3 and 55.

3.      Venue is proper in this court pursuant to 28 USC §1391(b).  The real property which is the subject of this action is located in this district, Los Angeles County, California, and that Plaintiff's causes of action arose in this district.

**PARTIES**

4.      Plaintiff is a California resident with a physical disability with substantial limitation in his ability to walk.  Plaintiff suffers from complete paraplegia due to a spinal cord injury and requires the use of a wheelchair at all times when traveling in public.

5.      Defendants are, or were at the time of the incident, the real property owners, business operators, lessors and/or lessees of the real property for PHO AMERICA VIETNAMESE CUISINE ("Business") located at or about 1826 Pacific Ave., Long Beach, California.

6.      The true names and capacities, whether individual, corporate, associate or otherwise of Defendant DOES 1 through 10, and each of them, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will ask leave of Court to amend this Complaint when the true names and capacities have been ascertained.  Plaintiff is informed and believes and, based thereon, alleges that each such fictitiously named Defendants are responsible in some manner, and therefore, liable to Plaintiff for the acts herein alleged.

7.      Plaintiff is informed and believes, and thereon alleges that, at all relevant times, each of the Defendants was the agent, employee, or alter-ego of each of the other Defendants, and/or was acting in concert with each of the other Defendants, and in doing

1   the things alleged herein was acting with the knowledge and consent of the other

2   Defendants and within the course and scope of such agency or employment relationship.

3        8.     Whenever and wherever reference is made in this Complaint to any act or

4   failure to act by a defendant or Defendants, such allegations and references shall also be

5   deemed to mean the acts and failures to act of each Defendant acting individually, jointly

6   and severally.

7   **FACTUAL ALLEGATIONS**

8        9.     In or about October of 2020, Plaintiff visited the Business. In or about

9   November of 2020, Plaintiff went to the Business again. The Business is a restaurant

10  business establishment, which is open to the public, and is a place of public

11  accommodation and affects commerce through its operation. Defendants provide parking

12  spaces for customers.

13       10.    While attempting to enter the Business during each visit, Plaintiff personally

14  encountered a number of barriers that interfered with his ability to use and enjoy the

15  goods, services, privileges, and accommodations offered at the Business.  To the extent

16  of Plaintiff's personal knowledge, the barriers at the Business included, but were not

17  limited to, the following:

18            a.     Defendants failed to comply with the federal and state standards for

19                 the parking space designated for persons with disabilities.  Defendants

20                 failed to provide the parking space identification sign with the

21                 International Symbol of Accessibility.

22            b.     Defendants failed to comply with the federal and state standards for

23                 the parking space designated for persons with disabilities.  Defendants

24                 failed to post required signage such as "Van Accessible" or

25                 "Minimum Fine $250."

26            c.     Defendant failed to maintain the parking space designated for persons

27                 with disabilities to comply with the federal and state standards.

28                 Defendants failed to paint the ground as required.

1

2

3

4

          d.      Defendant failed to maintain the parking space designated for persons with disabilities to comply with the federal and state standards. Defendants failed to provide the access aisles with level surface slopes.

5        11.     These barriers and conditions denied Plaintiff the full and equal access to the

6  Business.  Plaintiff wishes to patronize the Business. However, Plaintiff is deterred from

7  visiting the Business because his knowledge of these violations prevents him from

8  returning until the barriers are removed.

9        12.     Based on the violations, Plaintiff alleges, on information and belief, that

10  there are additional barriers to accessibility at the Business after further site inspection.

11  Plaintiff seeks to have all barriers related to his disability remedied.  *See Doran v. 7-*

12  *Eleven*, *Inc*. 524 F.3d 1034 (9th Cir. 2008).

13        13.     In addition, Plaintiff alleges, on information and belief, that Defendants

14  knew that particular barriers render the Business inaccessible, violate state and federal

15  law, and interfere with access for the physically disabled.

16        14.     At all relevant times, Defendants had and still have control and dominion

17  over the conditions at this location and had and still have the financial resources to

18  remove these barriers without much difficulty or expenses to make the Business

19  accessible to the physically disabled in compliance with ADDAG and Title 24

20  regulations.  Defendants have not removed such barriers and have not modified the

21  Business to conform to accessibility regulations.

22                            **FIRST CAUSE OF ACTION**

23       **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

24        15.     Plaintiff incorporates by reference each of the allegations in all prior

25  paragraphs in this complaint.

26        16.     Under the Americans with Disabilities Act of 1990 ("ADA"), no individual

27  shall be discriminated against on the basis of disability in the full and equal enjoyment of

28  the goods, services, facilities, privileges, advantages, or accommodations of any place of

1    public accommodation by any person who owns, leases, or leases to, or operates a place

2    of public accommodation.  *See* 42 U.S.C. § 12182(a).

3        17.    Discrimination, *inter alia*, includes:

4            a.    A failure to make reasonable modification in policies, practices, or

5                  procedures, when such modifications are necessary to afford such

6                  goods, services, facilities, privileges, advantages, or accommodations

7                  to individuals with disabilities, unless the entity can demonstrate that

8                  making such modifications would fundamentally alter the nature of

9                  such goods, services, facilities, privileges, advantages, or

10                 accommodations.  42 U.S.C. § 12182(b)(2)(A)(ii).

11           b.    A failure to take such steps as may be necessary to ensure that no

12                 individual with a disability is excluded, denied services, segregated or

13                 otherwise treated differently than other individuals because of the

14                 absence of auxiliary aids and services, unless the entity can

15                 demonstrate that taking such steps would fundamentally alter the

16                 nature of the good, service, facility, privilege, advantage, or

17                 accommodation being offered or would result in an undue burden.  42

18                 U.S.C. § 12182(b)(2)(A)(iii).

19           c.    A failure to remove architectural barriers, and communication barriers

20                 that are structural in nature, in existing facilities, and transportation

21                 barriers in existing vehicles and rail passenger cars used by an

22                 establishment for transporting individuals (not including barriers that

23                 can only be removed through the retrofitting of vehicles or rail

24                 passenger cars by the installation of a hydraulic or other lift), where

25                 such removal is readily achievable.  42 U.S.C. § 12182(b)(2)(A)(iv).

26           d.    A failure to make alterations in such a manner that, to the maximum

27                 extent feasible, the altered portions of the facility are readily

28                 accessible to and usable by individuals with disabilities, including

1  individuals who use wheelchairs or to ensure that, to the maximum

2  extent feasible, the path of travel to the altered area and the

3  bathrooms, telephones, and drinking fountains serving the altered

4  area, are readily accessible to and usable by individuals with

5  disabilities where such alterations to the path or travel or the

6  bathrooms, telephones, and drinking fountains serving the altered

7  area are not disproportionate to the overall alterations in terms of cost

8  and scope.  42 U.S.C. § 12183(a)(2).

9      18.    Where parking spaces are provided, accessible parking spaces shall be

10  provided.  1991 ADA Standards § 4.1.2(5); 2010 ADA Standards § 208.  One in every

11  eight accessible spaces, but not less than one, shall be served by an access aisle 96 in

12  (2440 mm) wide minimum and shall be designated "van accessible."  1991 ADA

13  Standards § 4.1.2(5)(b).  For every six or fraction of six parking spaces, at least one shall

14  be van parking space.  2010 ADA Standards § 208.2.4.

15      19.    Under the ADA, the method and color of marking are to be addressed by

16  State or local laws or regulations.  *See* 36 C.F.R., Part 1191.  Under the California

17  Building Code ("CBC"), the parking space identification signs shall include the

18  International Symbol of Accessibility.  Parking identification signs shall be reflectorized

19  with a minimum area of 70 square inches.  Additional language or an additional sign

20  below the International Symbol of Accessibility shall state "Minimum Fine $250."  A

21  parking space identification sign shall be permanently posted immediately adjacent and

22  visible from each parking space, shall be located with its centerline a maximum of 12

23  inches from the centerline of the parking space and may be posted on a wall at the

24  interior end of the parking space.  *See* CBC § 11B-502.6, *et seq.*

25      20.    Moreover, an additional sign shall be posted either in a conspicuous place at

26  each entrance to an off-street parking facility or immediately adjacent to on-site

27  accessible parking and visible from each parking space.  The additional sign shall not be

28  less than 17 inches wide by 22 inches high.  The additional sign shall clearly state in

letters with a minimum height of 1 inch the following: "Unauthorized vehicles parked in designated accessible spaces not displaying distinguishing placards or special license plates issued for persons with disabilities will be towed always at the owner's expense…" *See* CBC § 11B-502.8, *et seq.*

21.   Here, Defendants failed to provide the parking space identification sign with the International Symbol of Accessibility.  In addition, Defendants failed to provide signs stating "Minimum Fine $250" or "Van Accessible."

22.   For the parking spaces, access aisles shall be marked with a blue painted borderline around their perimeter. The area within the blue borderlines shall be marked with hatched lines a maximum of 36 inches (914 mm) on center in a color contrasting with that of the aisle surface, preferably blue or white.  The words "NO PARKING" shall be painted on the surface within each access aisle in white letters a minimum of 12 inches (305 mm) in height and located to be visible from the adjacent vehicular way.  CBC § 11B-502.3.3.

23.   Here, Defendants failed to properly maintain the access aisles as there were no "NO PARKING" and faded blue lines painted on the parking surface.

24.   Under the 1991 Standards, parking spaces and access aisles must be level with surface slopes not exceeding 1:50 (2%) in all directions. 1991 Standards § 4.6.2. Accessible parking spaces shall be at least 96 in (2440 mm) wide.  Parking access aisles shall be part of an accessible route to the building or facility entrance and shall comply with 4.3. Two accessible parking spaces may share a common access aisle. Parked vehicle overhangs shall not reduce the clear width of an accessible route. Parking spaces and access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions.  1991 Standards § 4.6.3.

25.   Here, the access aisles are not level with the parking spaces. Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. 2010 Standards § 502.4. "Access aisles are required

to be nearly level in all directions to provide a surface for transfer to and from vehicles."
2010 Standards § 502.4 Advisory. *Id.* No more than a 1:48 slope is permitted.

26.     A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part.  28 C.F.R. 35.211(a).  By failing to maintain the facility to be readily accessible and usable by Plaintiff, Defendants are in violation of Plaintiff's rights under the ADA and its related regulations.

27.     The Business has denied and continues to deny full and equal access to Plaintiff and to other people with disabilities.  Plaintiff has been and will continue to be discriminated against due to the lack of accessible facilities, and therefore, seeks injunctive relief to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

28.     Plaintiff incorporates by reference each of the allegations in all prior paragraphs in this complaint.

29.     California Civil Code § 51 states, "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

30.     California Civil Code § 52 states, "Whoever denies, aids or incites a denial, or make any discrimination or distinction contrary to Section 51, 515, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000) and any

1  attorney's fees that may be determined by the court in addition thereto, suffered by any

2  person denied the rights provided in Section 51, 51.5, or 51.6.

3       31.    California Civil Code § 51(f) specifies, "a violation of the right of any

4  individual under federal Americans with Disabilities Act of 1990 (Public Law 101-336)

5  shall also constitute a violation of this section."

6       32.    The actions and omissions of Defendants alleged herein constitute a denial

7  of full and equal accommodation, advantages, facilities, privileges, or services by

8  physically disabled persons within the meaning of California Civil Code §§ 51 and 52.

9  Defendants have discriminated against Plaintiff in violation of California Civil Code §§

10  51 and 52.

11       33.    The violations of the Unruh Civil Rights Act caused Plaintiff to experience

12  difficulty, discomfort, or embarrassment.  The Defendants are also liable for statutory

13  damages as specified in California Civil Code §55.56(a)-(c).

### THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA DISABLED PERSONS ACT

16       34.    Plaintiff incorporates by reference each of the allegations in all prior

17  paragraphs in this complaint.

18       35.    California Civil Code § 54.1(a) states, "Individuals with disabilities shall be

19  entitled to full and equal access, as other members of the general public, to

20  accommodations, advantages, facilities, medical facilities, including hospitals, clinics,

21  and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles,

22  railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes

23  of transportation (whether private, public, franchised, licensed, contracted, or otherwise

24  provided), telephone facilities, adoption agencies, private schools, hotels, loading places,

25  places of public accommodations, amusement, or resort, and other places in which the

26  general public is invited, subject only to the conditions and limitations established by

27  law, or state or federal regulation, and applicable alike to all persons.

28

36.     California Civil Code § 54.3(a) states, "Any person or persons, firm or corporation who denies or interferes with admittance to or enjoyment of public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages, and any amount as may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than one thousand dollars ($1,000) and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 54, 54.1, and 54.2.

37.     California Civil Code § 54(d) specifies, "a violation of the right of an individual under Americans with Disabilities Act of 1990 (Public Law 101-336) also constitute a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

38.     The actions and omissions of Defendants alleged herein constitute a denial of full and equal accommodation, advantages, and facilities by physically disabled persons within the meaning of California Civil Code § 54.  Defendants have discriminated against Plaintiff in violation of California Civil Code § 54.

39.     The violations of the California Disabled Persons Act caused Plaintiff to experience difficulty, discomfort, and embarrassment.  The Defendants are also liable for statutory damages as specified in California Civil Code §55.56(a)-(c).

## FOURTH CAUSE OF ACTION
## UNFAIR COMPETITION ACT

40.     Plaintiff incorporates by reference each of the allegations in all prior paragraphs in this complaint.

41.     Defendants have engaged in unfair competition, unfair or fraudulent business practices, and unfair, deceptive, untrue or misleading advertising in violation of the Unfair Competition Act. Bus & Prof. Code §§ 17200 *et seq.*

42.     Defendants engage in business practices and policies that create systemic barriers to full and equal access for people with disability in violation of state and federal law.

43.     The actions and omissions of Defendants are unfair and injurious to Plaintiff, a consumer of the Business' goods and services.  As a result of Defendants' unfair business practice and policies, Plaintiff suffered injury in fact.  Plaintiff was not provided with goods and services provided to other consumers.  Plaintiff seeks relief necessary to prevent Defendants' continued unfair business practices and policies and restitution of any month that Defendants acquired by means of such unfair competition, including profits unfairly obtained.

## FIFTH CAUSE OF ACTION

## NEGLIGENCE

44.     Plaintiff incorporates by reference each of the allegations in all prior paragraphs in this complaint.

45.     Defendants have a general duty and a duty under the ADA, Unruh Civil Rights Act and California Disabled Persons Act to provide safe and accessible facilities to the Plaintiff.

46.     Defendants breached their duty of care by violating the provisions of ADA, Unruh Civil Rights Act and California Disabled Persons Act.

47.     As a direct and proximate result of Defendants' negligent conduct, Plaintiff has suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief and judgment against Defendants as follows:

1.     For preliminary and permanent injunction directing Defendants to comply with the Americans with Disability Act and the Unruh Civil Rights Act;

2.     Award of all appropriate damages, including but not limited to statutory damages, general damages and treble damages in amounts, according to proof;

3.     Award of all reasonable restitution for Defendants' unfair competition practices;

4.     Reasonable attorney's fees, litigation expenses, and costs of suit in this action;

5.     Prejudgment interest pursuant to California Civil Code § 3291; and

6.     Such other and further relief as the Court deems just and proper

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.


Dated:  February 26, 2021                    SO. CAL. EQUAL ACCESS GROUP




                                   By:    _/s/ Jason J. Kim_____
                                          Jason J. Kim, Esq.
                                   Attorneys for Plaintiff